UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER SORRELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 13-cv-04874-SI<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES UNDER THE EAJA**<br><br>Re: Dkt. Nos. 39, 48 |

Plaintiff has filed a motion for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. Nos. 39, 48. The Court has reviewed the papers submitted by the parties and upon careful consideration hereby **DENIES** plaintiff's motion for the reasons set forth below.

### BACKGROUND

In December 2010, plaintiff applied for Disability Insurance and Supplemental Security Income Benefits under Titles II and XVI of the Social Security Act.[1] Her applications were denied originally and upon reconsideration. Administrative Record ("AR") at 160, 166, 172. Plaintiff's applications were then heard by Administrative Law Judge ("ALJ") Judson Scott, who denied her claims in a decision on May 25, 2012. *Id*. at 22.

By the time of the administrative hearing, plaintiff Jennifer Sorrell was a thirty-one-year-old woman with at least a high school education. *Id*. at 33. Her past work experience included

---

[1] Plaintiff previously applied for Disability Insurance Benefits in December 2006 and October 2007. AR 183-87. There is no indication from the record that either application reached a decision.

employment as a cell phone technician, assistant retail manager, and financial institution customer service representative. *Id.* at 32. She had not engaged in substantial gainful activity since May 10, 2006. *Id.* at 27. Plaintiff asserted that she was disabled due to fibromyalgia, chronic pain, and chronic migraines. *Id.* at 135, 146.

The Appeals Council granted two requests from plaintiff for more time before acting on plaintiff's case. AR 8, 13. The Appeals Council finally denied review of plaintiff's claims on August 30, 2013, rendering ALJ Scott's denial the final decision of the Commissioner. AR 1-4. On October 21, 2013, plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g). Dkt No. 1. Plaintiff sought four extensions of time to file her motion for summary judgment, which the Court granted. Dkt. Nos. 16, 18, 20, 22. The Court also granted motions extending the Commissioner's deadline to file her cross-motion for summary judgment and granting leave to file her cross-motion one day late. Dkt. Nos. 28, 30. Plaintiff sought three extensions of time to file her reply, which the Court similarly granted. Dkt. Nos. 30, 32, 34. Plaintiff's reply brief was filed February 16, 2015. Dkt. No. 35.

On March 13, 2015, the Court granted plaintiff's motion for summary judgment and denied defendant's motion for summary judgment. Dkt No. 36. The Court reversed the Commissioner's decision and remanded the case for immediate payment of benefits, pursuant to sentence four of 42 U.S.C. § 405(g). *Id.* at 23. That same day, the Court entered judgment in favor of plaintiff. Dkt. No. 37.

On June 13, 2015, plaintiff filed a motion for an award of attorneys' fees under the EAJA. Dkt. No. 39. The Commissioner sought an extension of time to file an opposition, which the Court granted. Dkt. No. 43. In her opposition, the Commissioner argued that plaintiff's motion should be denied as untimely because plaintiff filed her motion two days past the deadline. Dkt. No. 44. Plaintiff sought and was granted an extension of time to reply. Dkt. No. 47. Plaintiff then filed an amended motion for attorneys' fees and a reply, arguing that the fee application was timely and, even if it were not, equitable tolling should apply.[2] Dkt. Nos. 48-50.

---

[2] The Court takes no position on plaintiff's contention that her amended motion is appropriate under *Scarborough v. Principi*, 541 U.S. 401 (2004). *See* Dkt. No. 48 at 1. In that

**LEGAL STANDARD**

The EAJA provides that the court may award reasonable attorneys' fees and expenses to the prevailing party in a civil action against the United States, including a proceeding for judicial review of agency action, unless the court finds that the position of the United States was substantially justified. 28 U.S.C. § 2412. In Social Security cases remanded under sentence four of 42 U.S.C. § 405(g), the EAJA fee motion "may be filed until 30 days after a judgment becomes 'not appealable' – *i.e.*, 30 days after the time for appeal has ended." *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (citing 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G); *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)). In cases to which the United States is a party, the period in which to appeal lasts sixty days. Fed. R. App. P. 4(a)(1). Thus, the timeline to file a motion for attorneys' fees under the EAJA pursuant to a sentence four remand is sixty days from the entry of judgment (the appeals period) plus thirty days (the EAJA period).

The timing requirements for filing a fee motion under the EAJA are non-jurisdictional, though it is not yet firmly established whether equitable tolling applies. *See Scarborough v. Principi*, 541 U.S. 401, 413-14, 421 n.8 (2004) (reserving the issue of whether equitable tolling applies). *But see Townsend v. Comm'r of Soc. Sec*, 415 F.3d 578, 583 (6th Cir. 2005) (extending *Scarborough* to equitable tolling). "Equitable tolling focuses on a plaintiff's excusable ignorance and lack of prejudice to the defendant." *Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003) (citing *Santa Maria v. Pac Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000)). The doctrine may apply where a claimant lacked notice of the filing period, "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period,[] or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Leong*, 347 F.3d at 1123 (citing *Leorna v. U.S. Dep't of State*, 105 F.3d 548, 551 (9th Cir. 1997)). Equitable tolling is not available in instances of "garden variety . . . excusable neglect." *Irwin*, 498 U.S. at 96.

---

case, the Supreme Court allowed amendment of a timely filed EAJA fee application after the prescribed timeframe had run. *Scarborough*, 541 U.S. at 406. That is not the case here and, in any event, plaintiff's amended motion does not cure the original timeliness problem.

3

**DISCUSSION**

The only question at issue in this case is that of the timeliness of plaintiff's motion for attorneys' fees. Plaintiff filed her motion on June 13, 2015. Dkt. No. 39. She contends that the filing deadline was June 13, and that she attempted to file on June 12 but technical difficulties caused her to file seven minutes after midnight on June 13. *See* Amended Application at 1. Plaintiff argues that she timely filed her motion, and that even if she had not, equitable tolling should permit payment of the attorneys' fees to which she is otherwise entitled. *Id.*; Reply at 1. The government argues that the filing deadline was June 11, 2015, and that plaintiff thus missed her deadline by two days. Opposition at 2.

Because this Court entered judgment on March 13, 2015, the judgment became final sixty days later, once the time in which to appeal expired, on May 12, 2015. *See Akopyan v. Barnhart*, 296 F.3d 852, 857 (9th Cir. 2002). In her reply, plaintiff miscalculates this date as May 14, 2015. *See* Reply at 2. This explains how plaintiff erroneously reached June 13 as her filing date. Thirty days from May 12 brings one to the correct filing deadline of June 11, 2015.

Plaintiff is correct in that one cannot simply compute the filing date by tacking on ninety days to the date that judgment was entered. If the sixty-day appeals period expires on a weekend or holiday, then the judgment does not become final until the following business day. *See* Fed. R. Civ. P. 6(a)(1)(C); *Shalala*, 509 U.S. at 302. This is what the courts did in several cases on which plaintiff relies. In *Sanford-Murray v. Astrue*, No. 11-cv-1049, 2013 WL 54018 (D. Or. Jan. 3, 2013), the filing deadline occurred later than ninety days from entry of judgment because the sixty-day appeals period expired on a Saturday. *Sanford-Murray*, 2013 WL 54018, at *2; *see also Moua v. Colvin*, No. 13-cv-0373, 2015 WL 3991170, at *2 (E.D. Cal. June 30, 2015) (calculating thirty-day deadline from the Monday after sixty-day appeals period expired, where appeals period expired on a Sunday).

The Court need not reach the question of whether equitable tolling applies to EAJA fee applications because even if it does apply, plaintiff cannot avail herself of the doctrine. Her miscalculation of the filing date constitutes garden variety excusable neglect. *See Irwin*, 498 U.S. at 96. Plaintiff does not dispute that she had notice of the judgment and of the applicable

4

deadlines. She only takes issue with the method of calculating the deadlines, but the method she employed was erroneous. This may have been another matter if plaintiff's technical difficulties electronically filing her motion were the only reason for the delay. However, where plaintiff miscalculated the sixty-day appeals period as two days later than it actually was, she may not claim equitable tolling.

## CONCLUSION

The missed deadline in this instance amounts at most to excusable neglect. *See Irwin*, 498 U.S. at 96. Accordingly, the Court DENIES plaintiff's motion for attorneys' fees under 28 U.S.C. § 2812(d).

**IT IS SO ORDERED**.

Dated: May 18, 2015

_____
SUSAN ILLSTON
United States District Judge